

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00314-CR

LEO CLEMENT                                                      APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Leo Clement of possession of methamphetamine, and the trial court sentenced him to seven years' confinement. In his sole point, Appellant contends that the trial court erred by overruling his objection to a question the prosecutor asked him. Because the trial court committed no error, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

During cross-examination, the State asked Appellant whether he had ever used methamphetamine and whether he had been placed on probation for using methamphetamine:

> [State]: Earlier you said that you never in your life used methamphetamine. I'm going to give you one chance to take that back if that's not true.
>
> [Appellant]: No, ma'am. I've never used it.
>
> [State]: Do you recall being put on probation for possession of controlled substance under one gram in the 372nd District Court in this county, Tarrant County, on—in November of 2004? Do you recall that?
>
> [Appellant]: Yes, ma'am.
>
> [State]: Okay. And do you recall that while you are—do you recall getting—putting—being put on probation for that offense?
>
> [Appellant]: Yes, ma'am.
>
> [State]: And do you recall in March, specifically March 21st, 2005, testing positive for methamphetamine while you were on probation?
>
> [Appellant]: No, ma'am. I've handled it before. I've never— never used it.
>
> [State]: Then why were you revoked on probation?
>
> [Appellant]: So many dirty UAs and failure to report and no fees. I didn't pay my fees. And there's a number of reasons.
>
> [State]: So if there is a petition to revoke your probation that the probation department filed alleging that you used methamphetamine on March 21st, 2005, the Tarrant County probation officer is lying?
>
> [Appellant]: It was in my system. That doesn't mean I used it necessarily, because I've never used it.

[State]: So you are admitting that methamphetamine was in your system?

[Appellant]: Yes, ma'am. If they tested it and it came, then I suppose it was. I can't change it.

On redirect examination, Appellant's attorney attempted to clarify whether Appellant had pled true to methamphetamine use:

[Defense Counsel]: [Y]ou mention on your probation that got revoked there were several allegations in the—in the document asking for your probation to be revoked. . . . Do you remember which ones you pleaded true to and which ones you pled not true to?

[Appellant]: **I pled true to all**—everything I've done.

[Defense Counsel]: I know. But, I mean, in this specific instance . . .

[Appellant]: Yes, sir.

[Defense Counsel]:—charge. Because you could be revoked for pleading true to only one of those; is that correct?

[Appellant]: Yes. You can be, yes, sir.

[Emphasis added.]

Then on re-cross-examination, the State questioned Appellant about whether he had just testified that he had pled true to methamphetamine use:

[State]: **[Y]ou just admitted that you pled true to the probation department's allegation that you used methamphetamine, correct?**

[Appellant]: I'm sorry?

[State]: **You said earlier, just to your defense attorney, that you pled true to all of those allegations.**

3

[Defense Counsel]: **Objection, Your Honor. I don't think that's what he said. I think he said he pled true to something.**

THE COURT: I'll overrule the objection.

[State]: **Did you earlier say that you pled true to all of those allegations?**

[Appellant]: To the things I've used, yes, ma'am.

[Emphasis added.]

On appeal, Appellant argues in one point that the trial court erred by overruling his attorney's objection to the State's question about whether he had pled true to the probation department's allegation that he had used methamphetamine. Appellant specifically contends that the prosecutor improperly prefaced the question with mischaracterized earlier testimony—that Appellant had pled true to using methamphetamine—and that the improper question was therefore prejudicial because it assumed facts not in evidence on a critical issue in the case. As the Texas Court of Criminal Appeals has explained,

> When the defendant in a criminal case voluntarily takes the stand and testifies in his own behalf, he occupies the same position and is subject to the same rules of cross-examination as any other witness. *He may be contradicted, impeached, made to give evidence against himself, cross-examined as to new matter, and treated in every respect as any other witness testifying in behalf of the defendant,* except when there are overriding constitutional or statutory prohibitions; for example, where a statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the same case, or his failure to testify on a former trial, or a confession made while he was in jail without his having been first cautioned that it might be used against him.

> This Court rarely reverses a conviction of a crime solely because an improper question was propounded to the defendant as

4

a witness. To cause reversal the question must be obviously harmful to the defendant.

In deciding such question it must be remembered that each case has its own characteristics and this Court will look at the entire record with the surrounding circumstances, the nature of the evidence sought and its possible relationship to other testimony in order to determine the probability or possibility of injury.[2]

Appellant testified in this proceeding that he had never used methamphetamine, yet he admitted that drug tests had shown methamphetamine in his system and that methamphetamine traces might have accompanied the illicit drugs that he had admittedly intentionally used. Further, the prosecutor could have reasonably taken Appellant's statement, "I pled true to all," before his ambiguous qualifier, as evidence that he had in fact pled true to the allegation that he had used methamphetamine. While Appellant argues that the prosecutor "knew (or should have known)" that the question she posed was not factually correct, Appellant directs us to no place in the record that supports his position.[3] We therefore hold that the question was proper.

Alternatively, the State asked the challenged question or a variation of the question three times. Appellant objected only once, to the second question propounded, and that objection was actually a statement that counsel did not

_____

[2]*Guzmon v. State*, 697 S.W.2d 404, 408 (Tex. Crim. App. 1985), *cert. denied*, 475 U.S. 1090 (1986) (internal quotations and citations omitted).

[3]*See Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App.) (stating that the court "has no obligation to construct and compose appellant's issues, facts, and arguments 'with appropriate citations to authorities and to the record'"), *cert. denied*, 555 U.S. 1050 (2008).

5

"think that's what [Appellant] said."  We therefore alternatively hold that Appellant failed to preserve his complaint for our review.[4]  We overrule Appellant's sole point.

Having overruled Appellant's sole point, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 28, 2012

---

[4]*See* Tex. R. App. P. 33.1(a)(1)(2); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1173 (1997).